IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VENTURE SOLAR CAPITAL, LLC<br><br>Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT |

**CLASS ACTION COMPLAINT**

Plaintiff Andrew Perrong (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

**Preliminary Statement**

1. Plaintiff Andrew Perrong ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S.

2. Venture Solar Capital, LLC ("Venture Solar") made telemarketing calls to residential numbers listed on the National Do Not Call Registry, like Mr. Perrong's, which is prohibited by the TCPA.

3. The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of

thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff Andrew Perrong is a Pennsylvania resident.

6. Defendant Venture Solar Capital, LLC is a Delaware corporation that is registered to do business in this District and has a business address of 327 Captain Lewis Drive in Southington, CT.

**Jurisdiction & Venue**

7. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8. This Court has jurisdiction over the defendant. Venture Solar regularly engages in business in this District, including making telemarketing calls from this District and soliciting business from this District for its regionalized solar energy programs. Furthermore, Venture Solar provides Connecticut residents with services in this District.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing calls to the Plaintiff occurred from this District.

**The Telephone Consumer Protection Act**

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

14. Venture Solar is a solar energy company that attempts to sell their solar energy services to residents of various states, including Connecticut, New York and Pennsylvania.

15. To generate business through sales, Venture Solar relies on telemarketing.

16. Those calls violate the TCPA when they are made to residential consumers on the National Do Not Call Registry.

Solicitation Efforts to Mr. Perrong and Venture Solar's Citation

17. In addition to telemarketing, Venture Solar engages in door-to-door sales.

18. These door-to-door sales including approaching individuals that Venture Solar does not have a relationship with for purposes of soliciting their business.

19. Venture Solar engages in residential door-to-door solicitation without the permits required by law.

20. Venture Solar engaged in such conduct with respect to Mr. Perrong on December 29, 2021.

21. Mr. Perrong was not interested and informed Venture Solar's agent, Dia Ilyun, as such.

22. At no point during the interaction did Mr. Perrong provide his telephone number.

23. However, as the Venture Solar salesman would not identify himself and did not leave the property where Mr. Perrong was, Mr. Perrong contacted the Northampton Township Police Department, who dispatched an officer.

24. The Venture Solar salesman also called his supervisor, who arrived in a Venture Solar vehicle with Connecticut plates.

25. When the officer arrived, he explained to Mr. Perrong that the salesman admitted that he acted aggressively in making his sales pitch and did not possess a solicitation license. The officer advised Mr. Perrong that he intended to cite the salesman for violating NORTHAMPTON TWP., PA., CODE OF ORDINANCES §13-302 (2021) (requiring solicitors to obtain a license from the Township).

The Calls to Mr. Perrong

26. Despite the citation, Venture Solar's solicitation efforts continued.

27. Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

28. Plaintiff's residential telephone number is (215) 322-XXXX.

29. Mr. Perrong listed that number on the National Do Not Call Registry on November 12, 2018 and has not removed it from the Registry since that time.

30. Mr. Perrong uses the number for personal, residential, and household reasons.

31. The number is not associated with any business.

32. Defendant placed telemarketing calls to Plaintiff's number twice on December 30, 2021.

33. The calls were placed from Caller ID number (215) 642-8876.

34. The first call resulted in a voicemail being left:

> This is Christian from Venture Solar. Hope all is well. I'm just reaching out in response to an inquiry made [sic]. It's telling you about how much you save with solar energy for your home. I've got a quick question for you. So give me a call whenever get this message. Reach me any time at (215) 642-8876. Thanks. I'm looking forward to connecting soon.

35. Mr. Perrong had made no such inquiry, and just the prior day had informed Venture Solar that he wasn't interested in their services, as more fully described above.

36. Mr. Perrong did not contact Venture Solar.

37. Mr. Perrong did not provide his telephone number to Venture Solar.

38. Despite that, Mr. Perrong received another telemarketing call later that day.

39. Again, it was "Christian" calling.

40. During the call "Christian Hollingworth" offered Mr. Perrong black LG370 solar panels with also the option of a Tesla battery pack.

41. These are products sold by Venture Solar.

42. Confirming the offering, "Christian Hollingworth" then stated that he would send Mr. Perrong an e-mail regarding the call that also promoted Venture Solar.

43. On the call Mr. Perrong asked how Venture Solar received his number.

44. "Christian Hollingworth" responded that he was "not familiar when you did it, but I know that I got your information for it. I can confirm that I just have your address".

45. Mr. Perrong had not provided Venture Solar his address or telephone number, and it appears that Venture Solar purchased consumer information, including Mr. Perrong's, to make telemarketing calls.

46. Indeed, Venture Solar promotes its use of telemarketing to solicit business:

> We are currently hiring a Remote Part Time Recruiting Outbound Caller . We approach recruiting the exact same way that we approach sales. The only difference is that instead of selling a particular product, you are selling our company and our company's available opportunities…
>
> - Manage large amounts of outbound calls in a timely manner
> - Follow Venture Solar "scripts" when handling different job descriptions/roles

*See* https://www.linkedin.com/jobs/view/part-time-recruiting-outbound-caller-at-venture-solar-2782080542/ (Last Visited December 30, 2021).

47. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because their phone lines were tied up during the telemarketing calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

**Class Action Statement**

48. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

49. The class of persons Plaintiff proposes to represent is tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class".

50. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

51. The Class as defined above are identifiable through phone records and phone number databases.

52. The potential members of the Class number at least in the thousands.

53. Individual joinder of these persons is impracticable.

54. The Plaintiff is a member of the Class.

55. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

(b) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA;

  (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

56. Plaintiff's claims are typical of the claims of members of the Class.

57. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

58. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

59. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

60. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

61. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

62. The Defendant's violations were negligent, willful, or knowing.

63. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

64. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as a representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making autodialed calls, except for emergency purposes, to any cellular telephone number in the future.

F. An award to Plaintiff and the Class of damages, as allowed by law; and

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

H. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

Dated: January 3, 2022

> PLAINTIFF,
> By his attorneys
>
> */s/ Anthony I. Paronich*
> Anthony I. Paronich
> Paronich Law, P.C.
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043
> (508) 221-1510
> anthony@paronichlaw.com